UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ALVIN WILSON,
      Plaintiff,

              PRISONER
v.             CASE NO. 3:12-cv-1554(VLB)

POLICE OFFICER D. AGUSTINO, ET AL.,
      Defendants.

### INITIAL REVIEW ORDER

The plaintiff, Alvin Wilson, incarcerated and *pro se,* has filed a complaint under 42 U.S.C. § 1983. He names Hartford Police Officers D. Agustino, D. Zerizgowski and John Doe, the City of Hartford, the Hartford Police Department and Dr. John Doe as defendants.

The plaintiff alleges that on June 21, 2012, he was walking to a store in Hartford, Connecticut, when Police Officers came over to him told him to lie down on the sidewalk and handcuffed him. The plaintiff states he had not broken any laws. Defendants Agustino, Zerizgowski and Doe then started to beat him with a night stick, kick him and knock his teeth out. The plaintiff was taken to St. Francis Hospital for treatment. Dr. John Doe refused to treat the plaintiff's injuries. The plaintiff seeks monetary damages and injunctive relief.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune

from such relief." *Id*.  This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*.  See *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).   A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or  'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test.  First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law.  Second, the plaintiff must allege facts demonstrating that he has been deprived of a

constitutionally or federally protected right.  See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986).

A private individual may be considered a state actor for purposes of a constitutional challenge under Section 1983 if his or her conduct is "fairly attributable to the [S]tate." *Rendell-Baker*, 457 U.S. 830, 838 n.6 (1982) (citations omitted).  The conduct of private actors can be attributed to the State if (1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State.  See *Sybalski v. Indep. Group Home Living Program*, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (citation omitted).

Saint Francis Hospital located in Hartford, Connecticut is a private hospital.  See *Razayeva v. U.S.*, 492 F. Supp. 2d 60, 80 (D. Conn. 2007) (Saint Francis Hospital is private health care provider that cannot be treated as a state actor for purposes of civil rights claims).  The plaintiff sues Dr. John Doe, a private emergency room physician who was working at Saint Francis Hospital on the day that Hartford Police Officers brought him in for treatment.  There are no facts to suggest that Dr. John Doe is a state actor.  The plaintiff has not alleged that Dr. Doe's conduct falls within any of the tests for determining when private conduct can be attributed to the State.  See *Nunez v. Horn*, 72 F. Supp. 2d 24, 27 (N.D.N.Y. 1999) (holding private physician who was not employed by prison or under contract with state to perform medical services to inmates and who performed surgery on inmate in private hospital was not a state actor for section 1983

purposes); *Vazquez v. Marciano*, 169 F. Supp. 2d 248, 253-54 (S.D.N.Y. 2001) (physician in emergency room at hospital who performed medical treatment on arrestee not considered to be state actor under any of the tests for state action). Thus, the claims against Dr. John Doe are dismissed. See 28 U.S.C. § 1915A(b)(1).

Municipal police departments are not independent legal entities and are not subject to suit under section 1983. See *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005). Thus, the complaint must be dismissed as to the Hartford Police Department pursuant to 28 U.S.C. § 1915A(b)(1) as lacking an arguable legal basis.

In *Monell v. Department of Social Service*, 436 U.S. 658, 691 (1978), the Supreme Court set forth the test for municipal liability. To establish municipal liability for the allegedly unconstitutional actions of a municipal employee, the plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted). A municipality cannot be held liable under 42 U.S.C. § 1983 solely on a theory of respondeat superior. See *Monell*, 436 U.S. at 694-95. The plaintiff must demonstrate "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Any claim against a municipal official or employee in his official capacity is considered to be a claim against the municipality. See *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

The plaintiff has alleged no facts to suggest the existence of a municipal policy or custom in this case. The incident he describes regarding the use of force by defendants Officers Agustino, Zerizgowski and Doe appears to be an isolated occurrence. See *Stengel v. City of Hartford*, 652 F. Supp. 572, 574 (D. Conn. 1987) (noting that a claim of municipal policy or custom requires allegations consisting of more than a single isolated incident). Because the plaintiff has not alleged facts suggesting that the force used against him by the defendants also occurred at other times, the plaintiff fails to state a claim for monetary damages against the defendants in their official capacities. The claims against the City of Hartford and the official capacity claims against defendants Officers Agustino, Zerizgowski and Doe are dismissed. See 28 U.S.C. § 1915A(b)(1).

Because the plaintiff's allegations against Officers Agustino, Zerizgowski and Doe pertain to the use of force during his arrest, the court construes these claims of excessive force against the defendants as brought pursuant to the Fourth Amendment. See *Hemphill v. Schott*, 141 F.3d 412, 418 (2d Cir. 1998) ("Excessive force used by officers arresting suspects implicates the Fourth Amendment's prohibition on unreasonable seizures, rather than the Fourteenth Amendment's guarantee of substantive due process.")(citation omitted). After reviewing the allegations as to defendants Agustino, Zerizgowski and Doe, the court concludes that the case should proceed at this time as to the Fourth Amendment claims of excessive force against these defendants in their individual capacities.

**ORDERS**

The court enters the following orders:

(1) All claims against the Hartford Police Department, City of Hartford and Dr. John Doe and all claims against Hartford Police Officers Agustino, Zerizgowski and Doe in their official capacities are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). The claims against defendants Hartford Police Officers Agustino, Zerizgowski and Doe in their individual capacities shall proceed.

(2) Within fourteen (14) business days of this Order, the Pro Se Prisoner Litigation Office shall mail waiver of service of process request packets to defendants Officers D. Agustino and D. Zerizgowski in their individual capacities at the Hartford Police Department, 50 Jennings Road, Hartford, CT 06120. On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The plaintiff is hereby notified that the U.S. Marshal cannot serve the Complaint on Hartford Police Officer John Doe until he identifies this defendant by name. The plaintiff will have 90 days from the date of this order to conduct discovery and file a notice identifying this defendant by name. If the plaintiff fails to file a notice within the time specified, the claims against the Hartford Police Officer John Doe will be dismissed without further notice from the

court pursuant to Rule 4(m), Fed. R. Civ. P. and the case will proceed only as to the claims against defendants Agustino and Zerizgowski.

(4) The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) Defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

SO ORDERED at Hartford, Connecticut this 28th day of January, 2013.

/s/ Vanessa L. Bryant

Vanessa L. Bryant
United States District Judge